IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOBBIE JO HOROCOFSKY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 2:20-cv-02529-JWB-KGG |
| | ) |
| CITY OF LAWRENCE, KANSAS, et al. | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT UNIVERSITY OF KANSAS'**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant the University of Kansas (the "University" or "KU") respectfully moves this Court to dismiss all three counts asserted against it for failure to state a claim upon which relief may be granted.

As discussed fully in the accompanying Brief in Support, Plaintiff's Complaint asserts three counts against the University: Count IV for Title IX Discrimination under *Simpson v. University of Colorado, Boulder*, 500 F.3d 1170 (10th Cir. 2007); Count V for Title IX Hostile Educational Environment; and Count VI for Title IX Retaliation.

At the outset, all of Plaintiff's Title IX claims fail as a matter of law because the alleged sexual assault underlying her claims occurred at a private residence and not in KU's programs or activities. Thus, Title IX's implied private right of action does not apply as a matter of law. Even if this Court proceeds past that fatal deficiency, each of Plaintiff's claims fail for other reasons too.

Count IV fails to state a claim because *Simpson* imposes liability when the school has an actual program that affirmatively *encourages and sanctions* sexual harassment that ultimately occurs *in that program*. Here, Plaintiff was not sexually assaulted in a University program, and she does not allege that the University encouraged or sanctioned her sexual assault.

1

Count V fails because Plaintiff does not sufficiently plead several essential elements of her Title IX deliberate indifference claim.  First, with respect to Plaintiff's "pre-assault" theory of liability, Plaintiff does not allege that KU had any actual knowledge of sexual harassment within its programs and activities.  Second, with respect to all of Plaintiff's Title IX theories, Plaintiff's report of a single alleged peer-on-peer sexual assault is insufficient as a matter of law to allege "pervasive" sexual harassment within KU's programs and activities, which is required to state a claim under Title IX's private right of action.  Third, Plaintiff fails to sufficiently allege that KU's response to Plaintiff's report of an alleged sexual assault was "clearly unreasonable" in light of the known circumstances.

Count VI also fails as a matter of law.  Plaintiff does not sufficiently allege "protected activity" upon which a Title IX retaliation claim can be based because Plaintiff's report of the alleged sexual assault fell outside of the scope of Title IX and thus, as a matter of law, it cannot constitute protected activity.  Plaintiff also fails to plead any facts (as opposed to bare legal conclusions) that she experienced actionable retaliation.

WHEREFORE, the University respectfully moves this Court to dismiss all of Plaintiff's claims against it, dismiss the University as a defendant in this case, and for all other relief this Court deems just and proper.

Date:   December 23, 2020

/s/ Michael T. Raupp
HAYLEY E. HANSON        KS BAR NO. 20087
MICHAEL T. RAUPP        KS BAR NO. 25831
HUSCH BLACKWELL LLP
4801 Main, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080 (FAX)
hayley.hanson@huschblackwell.com
michael.raupp@huschblackwell.com

*Attorneys for Defendant University of Kansas*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2020, I filed the foregoing document via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

/s/ Michael T. Raupp
*__Attorney for Defendant University of Kansas__*