IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOBBIE JO HOROCOFSKY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20-02529-JWB-KGG |
| CITY OF LAWRENCE, KANSAS, *et al* | ) ) ) |
| Defendants. | ) ) |

**THIRD UNOPPOSED MOTION FOR EXTENSION OF TIME
TO FILE RESPONSES TO MOTIONS TO DISMISS**

Plaintiff Bobbie Jo Horocofsky, by and through her counsel, moves this Honorable Court for an extension of time of time to respond to Motions to Dismiss filed by both Defendants, extending the deadlines to March 5, 2021 for the reasons stated herein. In support of this request, Plaintiff states as follows:

1. On December 23, 2020, Defendant University of Kansas filed a Motion to Dismiss and Memorandum in Support. On December 28, 2020, Defendant City of Lawrence and the individual defendants filed a Motion to Dismiss and Memorandum in Support. Responses to these motions were first due, respectively, on January 13, 2021 and January 18, 2021.

2. Plaintiff filed a prior unopposed motion to extend the deadlines and consolidate the deadlines, so that both motions may be responded to on February 8, 2021 (Doc. 16), which the court granted (Doc. 17).

3. Plaintiff filed a second motion for extension of time on February 5, 2021 (Doc. 19) seeking until today, February 12, 2021, to respond to the pending motions. The court granted the requested five-day extension. (Doc. 20).

4. As Plaintiff's counsel informed the Court in Doc. 19, Plaintiff's counsel communicated with Defendants' counsel notifying them of her intent to file a Motion for Leave to Amend the Complaint, and then provided counsel with a copy of the proposed First Amended Complaint on February 11, 2021. Defendants' counsel have indicated they have no opposition to Plaintiff seeking leave to file the First Amended Complaint prepared and shared with them on February 11, 2021.

5. However, Plaintiff anticipates she will seek leave to assert state law claims arising out of the same constellation of facts, but under Kansas State law, once the 120-day Notice of Claim period under K.S.A. § 12-105b expires on or about **February 24, 2021**. Defendant City of Lawrence has not denied the claims to date and thus, Plaintiff cannot assert her state law claims until the 120-day period has expired.

6. Plaintiff does not want to file repeated motions to amend her complaint because of statutory timing requirements. She is ready and able to file a Motion for Leave to file her First Amended Complaint to resolve (hopefully) issues raised in Defendants' pending motions to dismiss, but recognizes that leave to file another Complaint is only a couple of weeks away.

7. Plaintiff would like to seek leave to file her Motion for Leave to File a First Amended Complaint after the February 24, 2021 Notice of Claim expiration to avoid excessive motion practice.

8. Here is the conundrum: if Plaintiff files for leave to file the First Amended Complaint today, it is unknown whether Defendants' counsel will refile their motions to dismiss directed at the First Amended Complaint, or when that will occur. Then, if Plaintiff files a second motion leave to file an Amended Complaint, after February 24, 2021, any Motion to dismiss the First Amended Complaint will be rendered moot if such leave is granted. However, if Plaintiff

waits to file a Motion for leave to file a First Amended Complaint until after the February 24, 2021 after the Notice of Claim date has expired, only one Motion for Leave to Amend will need to be entertained by the Court. Then, if Plaintiff's Motion for Leave to Amend is granted, the rules of civil procedure will dictate when appropriate motions should be filed and responses made thereto. If Plaintiff's Motion for Leave to Amend is denied, Plaintiff requests, and Defendants agree, that she be allowed to file her responses to the pending Motions to Dismiss on March 5, 2021. This plan will avoid repeated motion practice, and all counsel have agreed to this plan that the responses to the pending Motions to Dismiss, if not rendered moot, may be filed on March 5, 2021.

9. Plaintiff's co-counsel has been working to respond to the two motions to dismiss, but have not yet completed the work necessary to fully respond.

10. The parties have not had the benefit of a scheduling conference with the Court to address deadlines to file motions to amend or motions to dismiss, and any related and overlapping deadlines that affect such motions.

11. Defendants have no objection to this Motion for an Extension of Time to respond to its motion to dismiss until March 5, 2021.

12. This extension is not requested for the purpose of vexation or delay, but solely to address the overlapping deadlines which are inevitable with the conundrum of timing issues related to filing any Amended Complaint, a second motion for leave to amend, and then any either pending Motions to Dismiss if leave to amend is not allowed or new Motions if warranted.

WHEREFORE, for the reasons stated above, Plaintiff Bobbie Horocofsky requests an extension of time until March 5, 2021 in which to respond to the two motions to dismiss.

Respectfully submitted,

/s/ Sarah A. Brown
Sarah Brown, KS #12130
BROWN & CURRY, LLC
1600 Genessee Street, Suite 956
Kansas City, MO 64102
(816) 756-5458 (phone)
(816) 666-9596 (fax)
sarah@brownandcurry.com
and


/s/ Cheryl A. Pilate
Cheryl A. Pilate, KS # 14601
MORGAN PILATE, LLC
926 Cherry St.
Kansas City, Missouri 64106
(816) 471.6694 (phone)
(816) 472-3516 (fax)
cpilate@morganpilate.com

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on all counsel of record via the court's electronic filing system on February 12, 2021.

/s/ Sarah A. Brown