IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOBBIE JO HOROCOFSKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-02529-JWB-KGG |
| | ) |
| CITY OF LAWRENCE, KANSAS, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S OPPOSITIONS TO DEFENDANTS' MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO EXPAND PAGE LIMIT FOR DEFENDANTS' REPLY MEMORANDA**

Defendants City of Lawrence, Kansas; Charles B. Cottengim; Kimberlee A. Nicholson; Daniel L. Affalter, Jr. (collectively, the "City Defendants"); and the University of Kansas respectfully move this Court for an order striking Plaintiff's responses in opposition (Docs. 40, 42) to Defendants' motions to dismiss for failing to comply with this Court's Standing Order on Page Limitations, and directing Plaintiff to immediately file compliant memoranda. In the event this Court does not direct Plaintiff to file compliant memoranda, Defendants respectfully request they be granted leave to expand the page limit on their respective reply briefs to 20 pages each. In further support of this Motion, Defendants state as follows:

1. This Court's Standing Order limits memoranda on motions under Fed. R. Civ. P. 12 to 30 pages "including statements of material fact, authorities and argument." *See* Standing Order on Page Limitations, http://www.ksd.uscourts.gov/wp-content/uploads/2018/05/attachment-1.pdf. "To that extent, this rule supplements D. Kan. Rule 7.1(e)." *Id.*

2. On March 18, 2021, the University filed its motion to dismiss Plaintiff's amended complaint, along with its memorandum in support. Docs. 29, 30. On April 1, 2021, the City

1

Defendants filed their motion to dismiss Plaintiff's amended complaint, along with their memorandum in support. Docs. 31, 32.

3. In their respective memoranda (Docs. 30, 32), Defendants took care to comply with this Court's Standing Order, limiting their arguments to fit within this Court's express page limitation.

4. On May 6, 2021, Plaintiff filed her opposition to the University's motion to dismiss. Doc. 40. The memorandum spans 45 pages, 15 pages in excess of this Court's Standing Order.

5. On May 7, 2021, Plaintiff filed her opposition to the City Defendants' motion to dismiss. Doc. 42. The memorandum spans 60 pages, 30 pages in excess of this Court's Standing Order.

6. Plaintiffs never sought leave to exceed the page limits, despite this Court's direction that such leave should be sought "at least 10 days prior to the due date," and that motions for such leave are "discouraged" and "will NOT be routinely granted." *See* Standing Order.

7. Through extensions of time, Plaintiff already had 49 days to prepare a compliant response to the University's motion to dismiss and 36 days to prepare a compliant response to the City Defendants' motion to dismiss.

8. Accordingly, this Court should strike Plaintiff's oppositions (Docs. 40, 42) to Defendants' motions to dismiss, and direct Plaintiff to immediately file memoranda that comply with this Court's Standing Order.

9. To be clear, requiring Plaintiff to file compliant memoranda is the only just remedy, as Defendants already limited the scope of the motions to dismiss in order to comply with the Standing Order, and Plaintiff should likewise be required to comply.

10. In the alternative, however, if this Court does not direct Plaintiff to file memoranda complying with this Court's Standing Order, Defendants respectfully request that this Court grant them leave to expand the page limit of their respective reply briefs in support of their motions to dismiss to 20 pages each.

WHEREFORE, Defendants respectfully request that this Court enter an Order striking Plaintiff's oppositions (Docs. 40, 42) to Defendants' motions to dismiss, and directing Plaintiff to immediately file memoranda that comply with this Court's Standing Order. In the alternative, Defendants respectfully request that this Court grant Defendants leave to file reply memoranda of up to 20 pages each, and for all other relief this Court deems just and proper.

Date: May 10, 2021

/s/ Michael T. Raupp
HAYLEY E. HANSON          KS BAR NO. 20087
MICHAEL T. RAUPP          KS BAR NO. 25831
HUSCH BLACKWELL LLP
4801 Main, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000
(816) 983-8080 (FAX)
hayley.hanson@huschblackwell.com
michael.raupp@huschblackwell.com

***Attorneys for Defendant University of Kansas***

/s/ Michelle R. Stewart
MICHELLE R. STEWART       KS BAR NO. 19260
HINKLE LAW FIRM LLC
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
(913) 345-9205
(813) 345-4832 (FAX)
mstewart@hinklaw.com

***Attorneys for Defendants City of Lawrence Kansas; Charles B. Cottengim; Kimberlee A. Nicholson; and Daniel L. Affalter, Jr.***

3

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2021, I filed the foregoing document via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

/s/ Michael T. Raupp
*__Attorney for Defendant University of Kansas__*