IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBIE JO HOROCOFSKY,

    *Plaintiff,*

vs.

CITY OF LAWRENCE, KANSAS, *et al.*,

    *Defendants.*

Case No. 20-2529-EFM

**MEMORANDUM AND ORDER**

    Plaintiff Bobbie Jo Horocofsky has moved to amend her complaint and for reconsideration of the Order of May 5, 2022, which dismissed her claims against the University of Kansas, and some of her claims against the City of Lawrence and three of its police officers. The factual and procedural background of the case is set forth at length in the Order of May 5. For the reasons provided in this Memorandum, Plaintiff's motions are denied.

**I.    Legal Standard**

    This Court granted the University's motion to dismiss in full, dismissing each claim asserted against the University and dismissing the University as a defendant. Although the Court's prior Order resolved all claims against the University, some claims remain against the

City of Lawrence Defendants.  Thus, the Order was not dispositive,[1] and Plaintiff's motion is properly resolved under Local Rule 7.3(b), which provides that a motion for reconsideration must demonstrate:  "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."

A "clear error in judgment" is one which is "arbitrary, capricious, whimsical, or manifestly unreasonable."[2]  Reconsideration on dispositive motions is reserved for the rare instances where the court clearly misapprehended the law.[3]  A motion for reconsideration does not "permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier."[4]

## II. Analysis

### A. Claims against the University

In its prior Order, the Court dismissed Plaintiff's Title IX hostile environment and retaliation claims against the University under *Simpson v. Univ. of Colo. Boulder*.[5]  Plaintiff points to no intervening authority which would compel a different result.  Instead, Plaintiff merely asserts the Court mischaracterized her claims, and cites non-controlling authorities which were in the original briefing on the motions to dismiss.  Dismissal of Plaintiff's *Simpson* claim

---

[1] *Jordan v. Sprint Nextel Corp.*, 3 F. Supp. 3d 917, 935 (D. Kan. 2014) ("Because there is a remaining claim and remaining Defendant, the Order was not dispositive.").  Other judges in this District have found that similar orders are dispositive in nature, and thus should be brought under Fed. R. Civ. P. 59(e). *See, e.g.*, *United States v. Kearn*, 2022 WL 36410, at *1-2 (D. Kan. 2022).  However, the governing legal standards of Rule 59(e) and Local Rule 7.3(b) "are essentially identical." *Johnson v. Simonton Bldg. Props.*, 2009 WL 902409, at *2 (D. Kan. 2009). *See also Jordan*, 3 F. Supp. 3d at 935 ("Fed.R.Civ.P. 59(e) and D. Kan. Rule 7.3(b) contain essentially the same grounds justifying an alteration, amendment, or reconsideration of an order.") (citation omitted).

[2] *Wright ex rel. The Tr. Co. of Kan. v. Abbott Lab'ys., Inc.*, 259 F.3d 1226, 1235-36 (10th Cir. 2001).

[3] *Eissa v. Aetna Life Ins. Co.*, 2011 WL 3611492, at *1 (D. Kan. 2011).

[4] *Anderson v. Equifax Info. Servs. LLC*, 292 F. Supp. 3d 1211, 1214 (D. Kan. 2017) (citations omitted).

[5] 500 F.3d 117 (10th Cir. 2007).

was appropriate because the assault did not occur within a policy or program of the University. The assault occurred many hours after the school-sponsored Diversity in Law event ended, and the student attendees decided to go bar-hopping. To the extent Plaintiff claims the University had a policy of cooperating with the police, the Court noted in its Order the absence of any authority suggesting a university should refuse such cooperation. The assault happened outside the policy and programs of the University, and the University is not liable for it.

Plaintiff argues that the Court erred in dismissing her hostile environment claim because the University was indifferent to her claim of rape. Again, however, the reported rape occurred in a private apartment in the middle of the night. The University did not have "substantial control over both the harasser and the context in which the known harassment occur[ed]."[6] To the extent Plaintiff does allege she experienced hostility at the Law School, the Court expressly addressed this in the Order, observing that none of the alleged harassment was sexual in nature. Plaintiff may disagree with this conclusion, but reargument is not a sound basis for reconsideration.

If anything, Plaintiff's argument with respect to her retaliation claim is even more cursory. Plaintiff asserts that under *Simpson* "a complaint about an off-campus rape is objectively reasonable under Title IX." But *Simpson* did not involve a retaliation claim, and in any event is inapplicable because the assault in that case occurred within the context of an official school program. The assault here did not. Plaintiff has failed to show actionable retaliation by the University, and the claim was properly dismissed.

---

[6] *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 645 (1999).

**B.     Claims against the City of Lawrence Defendants**

In its Order, the Court dismissed Plaintiff's (Count I) claims against the City under 42 U.S.C. §1983, her (Count II) "class of one" equal protection claim, her (Count III) malicious prosecution and abuse of process claims, and her (Count VII) conspiracy claim.

Plaintiff's motion for reconsideration fails to demonstrate any change in the intervening law.  Further, her argument that the Court erred in making a credibility assessment is entirely incorrect.  The Court assumed for purposes of resolving the motions to dismiss that all of her nonconclusory and plausible allegations were true; those allegations simply failed to state a claim for the dismissed counts.  Plaintiff failed to allege a widespread pattern of misconduct by the Lawrence police, and dismissal of the *Monell* claims against the City remains appropriate.

The failure to show a change of law, new information, or a clear error of judgment is similarly present in Plaintiff's dispute of the dismissal of her malicious prosecution and conspiracy claims.  Plaintiff merely repeats arguments made in the original briefing.  The Court properly determined, for example, that the chain of causation was broken by the independent and intervening judgment of the District Attorney in bringing a false statement charge against Plaintiff.  Similarly with respect to the conspiracy claim, Plaintiff's original complaint's nonconclusory allegations simply failed to present a plausible allegation of other persons acting in concert with Detective Cottengim (the officer who completed the probable cause affidavit) to achieve an illegal purpose.

**C.     Motion to Amend**

Defendants argue that, as the Court dismissed claims (and a party) from the action with prejudice,[7] the Plaintiff must obtain reconsideration before moving for an amendment.[8]  As set forth previously, Plaintiff's request for reconsideration lacks merit, and denial of the request to amend as to the University is warranted on that basis alone.

Further, Plaintiff's request to amend lacks justification for additional reasons.  Beyond citing the general Rule 15(a) standard for amendment—that it should be allowed "when justice so requires"—Plaintiff cites no authority for amendment under the circumstances presented here.  Amendment under Rule 15(a) may be denied for "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[9]  Further, by waiting until after the Court resolved the motions to dismiss, Plaintiff is no longer entitled to the generous standard under Rule 15, as "this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed."[10]

But even considered under the generous basic Rule 15(a) standard, the circumstances of the present case warrant denial of leave to amend.  Beyond simply citing the text of Rule 15, Plaintiff notes that she previously moved for amendment, a request which, she stresses,

---

[7] *Slocum v. Corp. Exp. U.S. Inc.*, 446 F. App'x 957, 960 (10th Cir. 2011) ("Rule 12(b)(6) dismissals, unless otherwise indicated, constitute a dismissal *with* prejudice.") (emphasis in original).

[8] *See Walker v. Corizon Health, Inc.*, 2020 WL 2473706, at *6 (D. Kan. 2020).

[9] *Boardwalk Apartments, L.C. v. State Auto Prop. & Cas. Ins. Co.*, 2014 WL 2759570, at *1 (D. Kan. 2014).

[10] *The Tool Box, Inc. v. Ogeden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (quoting *Bressner v. Ambrozia*k, 379 F.3d 478, 484 (7th Cir.2004))

Magistrate Judge Gale denied "without prejudice." In keeping with this pretense, Plaintiff styles her current motion as a "Renewed" motion to amend.

But this is not true. Plaintiff's original motion to amend was specific and limited. She wrote:

> When responding to the City Defendants' motion to dismiss the First Amended Complaint, counsel discovered that they had inadvertently not pled the intentional tort claims of malicious prosecution and abuse of process against the three named detectives, despite the fact that in her count for *respondeat superior* liability, plaintiff essentially did plead the intentional misconduct of the detectives. It should be no surprise to Defendant City that plaintiff intended to assert these claims against the individuals.

Plaintiff requested permission to correct "these inadvertent oversights" involving the "state law claims" against the individual Lawrence Police Department officers. Plaintiff made no argument that the proposed amendment would affect any other claims, including her Title IX federal claim against the University. She stressed the amendment "does not add any new parties or causes of action," and was "intended to name the individual defendants on claims previously asserted."

Judge Gale denial "without prejudice" of the motion to amend was explicitly keyed to these representations by Plaintiff. He wrote:

> There are currently two Motions to Dismiss [Doc. 29, 31] pending before the District Court. Plaintiff moves to amend her Complaint to clarify two of her State Law claims. *She specifically states that she does not seek substantive amendment to her federal claims.* As such, she states that she "does not oppose the court holding this motion in abeyance until the pending motions to dismiss are decided in the event that further adjustments to the First Amended Complaint are necessary. By doing so, correction to these inadvertent oversights and any others may be made at that time." The Court thus denies Plaintiff's motion, without prejudice, to be filed, if necessary, after the District Court has ruled on the pending dispositive motions.

(Emphasis added).

Other than potentially adding the individual police Defendants to the state malicious prosecution and abuse of process claims, Plaintiff makes no mention of the need to amend in either of her responses to the Defendants' motions to dismiss.[11] Further, by only seeking this narrow amendment while the extensive briefing on the motions to dismiss was occurring, Plaintiff further signaled that the motions should be resolved on the basis of the existing complaint.

Plaintiff's present motion to amend is simply not the same as her earlier motion. Without providing any specifics or explanation, her motion states that she wishes to change her federal claims "to address perceived deficiencies in several of her claims, specifically the *Simpson* claim, post-assault harassment claim under Title IX, the retaliation claim under Title IX, the Monell Claim under Section 1983, and the malicious prosecution claim and the conspiracy claim."

Plaintiff's First Amended Complaint was 73 pages in length. The highly-detailed allegations in that complaint were the subject of substantial analysis and attention in the extensive briefing of the parties addressing the motions to dismiss. The Court also devoted substantial effort to its Order, which granted the University's motion, and granted in part and denied in part the City Defendants' motion. Throughout this entire process, Plaintiff made no suggestion that any specific amendment was warranted.

This silence continues to the present, "Renewed" motion. The motion to amend recites the text of Rule 15(a), but otherwise offers not the slightest rationale for new changes to her federal claims, or explain how they would yield a different result. The proposed Second

---

[11] Doc. 52, at 27-28.

Amended Complaint attached to Plaintiff's motion has grown to almost 80 pages. The motion leaves the Defendants, and the Court, with the task of guessing how an amendment might affect Plaintiff's claims.

Plaintiff's motion not only makes no explanation of the nature and effect of the proposed amendments, she offers no rationale for the substantial delay.[12] Prejudice exists as well as delay, as Defendants committed to extensively briefing their motions to dismiss, an effort wasted if Plaintiff simply alters her complaint in response to the Order of the Court. Here, the Court did not dismiss all claims against the City Defendants. They are entitled to proceed with the case without further delay. Delay and prejudice warrant denial of leave to amend.

Defendants both argue that denial of leave to amend is independently warranted on grounds of futility. The Court's review of the proposed complaint shows it advances some general and conclusory claims, rather than specific facts which would show, for example, that the assault actually occurred within a policy or program of the University. Similarly, the generalities advanced in the proposed complaint do not alter the legal standard for abuse of process, or negate the independent judgment of the District Attorney bringing charges against the Plaintiff.[13] The Court agrees amendment would be futile, while also noting that the unexplained delay and prejudice caused by Plaintiff's pleading practices independently warrant denial of leave to amend.

As noted earlier, the University argues (correctly) that proper procedure called for Plaintiff to first obtain reconsideration before seeking leave to amend. Accordingly, the

---

[12] *See Woolsey v. Marion Lab's., Inc*., 934 F.2d 1452, 1462 (10th Cir. 1991) (leave to amend may be denied for untimeliness alone, particularly where plaintiff "offered no explanation for the delay").

[13] *See Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996).

University asks for its attorney fees associated with responding to the motion to amend, pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 11(b)(1).

Under Section 1927, the Court may award attorneys' fees and costs when an attorney has unreasonably and vexatiously multiplied proceedings.[14]  Whether to grant fees is left to the discretion of the Court,[15] and should be "utilized only in instances evidencing a 'serious and standard disregard for the orderly process of justice.' "[16]  "This is an extreme standard,"[17] and "courts must . . . guard against dampening the legitimate zeal of an attorney in representing his client."[18]

The Court will not award fees in the present case.  Certainly filing two motions where one might suffice is not a practice to be encouraged.  But had Plaintiff included a discussion of a hypothetical amendment within her motion for reconsideration, the University would have had to address such a discussion.  Further, the University has not cited authority for awarding fees under similar circumstances, nor has it shown that its actual incremental costs of filing two responses warrant an award of fees.  This is not to condone Plaintiff's pleading practice, but rather a determination that the conduct was not so egregious as to warrant an award of fees.

---

[14] *Jet AirParts, LLC v. Regional One, Inc.*, 2018 WL 5617827, at *10 (D. Kan. 2018).

[15] *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997).

[16] *Dreiling v. Peugeot Motors of Am. Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985) (quoting *Kietel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968)).

[17] *AeroTech*, 110 F.3d at 1528 (quotation marks and quotation omitted).

[18] *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015) (quotation marks, alterations, and quotation omitted).

**IT IS THEREFORE ORDERED** that Plaintiff's Motions for Reconsideration (Doc. 60) and for Leave to Amend (Doc. 59) are hereby denied; the University's request for attorney fees (Doc. 61) is denied.

**IT IS SO ORDERED**.

Dated this 18th day of July, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE