# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOBBIE JO HOROCOFSKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 20-2529-EFM-KGG |
| | ) |
| CITY OF LAWRENCE, KANSAS; | ) |
| CHARLES B. COTTENGIM; | ) |
| KIMBERLEE A. NICHOLSON; and | ) |
| DANIEL L. AFFALTER, JR., | ) |
| | ) |
| Defendants. | ) |

## SCHEDULING ORDER

On October 4, 2022, U.S. Magistrate Judge Kenneth Gale conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Bobbie Jo Horocofsky appeared through counsel Sarah Brown and Cheryl Pilate by phone. Defendants City of Lawrence, Kansas, Charles B. Cottengim, Kimberlee A. Nicholson and Daniel L. Affalter, Jr. appeared through counsel Michelle R. Stewart by phone.[1]

Following is a brief summary of the nature of the case:

Plaintiff brings claims against Defendants Cottengim, Nicholson and Affalter pursuant to 42 U.S.C. § 1983 for violation of her right to Equal Protection pursuant to the Fourteenth Amendment and state law intentional infliction of emotional distress. Plaintiff

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

brings state law claims against Defendant City of Lawrence for malicious prosecution, abuse of process, intentional infliction of emotional distress and respondent superior. Defendants deny any violation of the Fourteenth Amendment and deny all state law causes of action.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **October 7, 2022** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **October 14, 2022** |
| Plaintiff's settlement proposal | **October 31, 2022** |
| Defendant's settlement counter-proposal | **November 30, 2022** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **December 15, 2022** |
| Comparative fault identification | **N/A** |
| Motions to amend | **October 28, 2022** |
| Mediation completed | **As directed by the Court** |
| Experts disclosed | **Plaintiff: February 1, 2023** <br> **Defendants: March 15, 2023** |
| Physical and mental examinations | **N/A** |
| Rebuttal experts disclosed | **April 14, 2023** |
| Supplementation of initial disclosures | **40 days before the deadline for completing all discovery** |
| All discovery completed | **June 15, 2023** |
| Proposed pretrial order due | **July 13, 2023** |

2

| Pretrial conference | **July 20, 2023 at 2:00 p.m.** |
|---|---|
| Potentially dispositive motions (e.g., summary judgment) | **August 18, 2023** |
| Motions challenging admissibility of expert testimony | **August 18, 2023** |
| Trial — ETT 5 days | **T/B/D** |

**1.        Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation.  Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **October 31, 2022**. Defendants must make a good-faith counter-proposal by **November 30, 2022.**  By **December 15, 2022**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (2) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at Judge_Gale@ksd.uscourts.gov.  These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office.  These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge.  If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then

up to three nominations may be provided in the confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. The court will decide whether to require the parties to participate in mediation after receiving their confidential settlement reports. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: [http://www.ksd.uscourts.gov/adr-report/](http://www.ksd.uscourts.gov/adr-report/).

**2.    Discovery.**

    **a.**    The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damage computations, and insurance coverage. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, copies of the documents described in the parties' Rule 26(a)(1) disclosures must be exchanged by **October 18, 2022.** Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery, to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to take a particular deposition or pursue follow-up written discovery before the time allowed for discovery expires. If a party includes witnesses or other information in its final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement

thereto, that party presumptively will be precluded from offering the witness's testimony or other information into evidence under Fed. R. Civ. P. 37(c)(1).

      **b.**      All discovery must be commenced or served in time to be completed by **June 15, 2023**.

      **c.**      The parties agree that principles of comparative fault do not apply.

      **d.**      Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served as follows: **by Plaintiff, on or before February 1, 2023**, and by **Defendant on or before March 15, 2023**.  For experts testifying solely to contradict or rebut evidence on the same subject matter identified by another party, disclosures must be served by **April 14, 2023**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

      **e.**      The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

      **f.**      Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

Native documents will be preserved, and metadata will be provided upon reasonable request. Discovery of ESI will be limited to that that information that is reasonably accessible.

    **g.**    Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> The parties agree that they will not waive any privilege or protection that would otherwise apply to any documents or information simply because those documents or information were produced or disclosed to the adverse party during discovery in this case. In the event a party wishes to assert a privilege or protection with respect to documents or information that has already been produced or disclosed, the party asserting the privilege or protection will promptly notify the party that received the production or disclosure. If the receiving party wants to oppose the claim of privilege, that party may do so with the Court. The parties will submit a protective order reflecting this agreement.

    **h.**    To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel:

    1. As to any discovery dispute, the lead lawyers will try to resolve by phone and no one will write letters to the other, including letters attached as pdf's to emails; just emails and phone calls. Each side will copy all of its emails to the email group distribution list provided by the other side.

    2.    All papers will be served to the opposing party by email. Documents may be produced on a rolling basis as soon as they have been located and numbered; if copies are produced, the originals will be made available upon request.

    3.    The inadvertent production of a privileged document does not waive the privilege as to other privileged documents.

    4.    The parties agree documents created after the date Plaintiff filed her lawsuit, and which constitute communications by the parties with their outside litigation attorneys about this lawsuit or created by such outside counsel, to defend the lawsuit are presumptively privileged and nonresponsive to any discovery propounded in this litigation such that a privilege log is unnecessary to establish their protection under the attorney-client privilege or the work product doctrine.

  **i.**  No party may serve more than **25** interrogatories, including all discrete subparts, on any other party.

  **j.**  No more than **15** depositions may be taken by plaintiff, and no more than **15** depositions may be taken by defendants.  Each deposition must be limited to **5** hours except for the deposition(s) of parties and experts which must be limited to **8** hours. All depositions will be governed by the written guidelines on the court's website:

  *http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

  **k.**  Discovery may be governed by a protective order.  If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **October 7, 2022.** This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

  *http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c).  A pre-approved form protective order is available on the court's website:

  *http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **October 14, 2022.**

**l.** The parties do consent to electronic service of disclosures and discovery requests and responses.  *See* Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

**m.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3. Motions**

**a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **October 28, 2022**.

**b.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **August 18, 2023**.  The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

**c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.  Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a

good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf

**d.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **August 18, 2023**.

**e.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference.

**f.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions

of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).

>   **g.**     The arguments and authorities section of briefs or memoranda must not exceed 30 pages, absent a court order.  *See* D. Kan. Rule 7.1(e).

**4.    Pretrial Conference, Trial, and Other Matters.**

>   **a.**     Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **Week of July 20, 2023, at 2:00 p.m.**, by telephone (888-3634749; access code 5407703). However, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person.  No later than **July 13, 2023**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to Judge_Gale@ksd.uscourts.gov.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the court's website:

>   *http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

>   **b.**     The parties expect the jury trial of this case to take approximately **5** trial days. This case will subsequently be set for trial.

>   **c.**     If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

>   *http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

>   **d.**     This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated October 4, 2022, at Wichita, Kansas.

/S Kenneth G. Gale
U.S. Magistrate Judge