UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOBBIE JO HOROCOFSKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-2529-EFM-KGG |
| | ) |
| CITY OF LAWRENCE, KANSAS; | ) |
| CHARLES B. COTTENGIM; | ) |
| KIMBERLEE A. NICHOLSON; and | ) |
| DANIEL L. AFFALTER, JR., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER DENYING
PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

Now before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 80.)

**FACTUAL BACKGROUND**

Plaintiff filed lawsuit alleging violations of her civil rights and state law causes of action on October 23, 2020. (Doc. 1.) Defendant University and the City Defendants timely moved to dismiss the case on December 23 and December 28, 2020, respectively. (Docs. 12 and 14.)[1] Plaintiff did not respond to those

---

[1] The City Defendants consist of the City of Lawrence, Kansas, and its officers/employees Charles Cottengim, Kimberlee Nicholson, and Daniel L. Affalter, Jr.

dispositive motions, but instead sought leave to file a First Amended Complaint on March 2, 2021. (Doc. 23.) The basis for the request was in part to "assert three additional state law counts against the City of Lawrence, and one additional state law count against the City and the three named detectives." (Doc. 23, ¶4.)

Plaintiff's motion to amend was granted and her First Amended Complaint was filed on March 4, 2021. This remains the operative Complaint in this case. (Doc. 25.) Therein, Plaintiff alleges violations of her civil rights pursuant to 42 U.S.C. §1983, 42 U.S.C. §1985, and the Fourth and Fourteenth Amendments to the United States Constitution. She also alleges that Defendants subjected her to a discriminatory and retaliatory educational environment in violation of Title IX, 20 U.S.C. §1681(a). (*See generally*, *id*.)

In essence, Plaintiff contends that, while a student at the Kansas University School of Law, she was raped but that Defendants did not conduct a legitimate investigation into her allegations. Rather, she contends "the police investigation, conducted largely without [her] knowledge, was not aimed at investigating the sexual assault … , but rather at proving she had lied." (*Id*., at 3.) Plaintiff chose not to proceed with criminal charges against her alleged attacker, but rather was herself ultimately charged with three felony counts of making a false statement to police. (*Id*., at 2, 4, 15.) Plaintiff brings claims for unconstitutional policies, customs, practices, and training, denial of equal protection under the Fourteenth

Amendment, malicious prosecution and abuse of process in violation of the Fourth and Fourteenth Amendments, Title IX discrimination, hostile environment, and retaliation, conspiracy, intentional infliction of emotional distress, and respondeat superior liability.  (*See generally, id*.)

Defendants subsequently filed Motions to Dismiss on March 18, 2021 (Doc. 29) and April 1, 2021 (Doc. 31).  Thereafter, Plaintiff filed an additional Motion to for Leave to Amend Complaint (Doc. 41), in which she sought to "clarify two of her State Law claims, specifically alleging malicious prosecution and abuse of process claims against the individual defendants … ."  (Doc. 41, at 2.)  Plaintiff's counsel indicated that when responding to the City Defendants' motion to dismiss the First Amended Complaint, counsel "discovered that they had inadvertently not pled the intentional tort claims of malicious prosecution and abuse of process against the three named detectives, despite the fact that in her count for respondeat superior liability, plaintiff essentially did plead the intentional misconduct of the detectives."  (*Id*.)  Plaintiff contended that "[i]t should be no surprise to Defendant City that [she] intended to assert these claims against the individuals."  (*Id*.)  Defendant University and the City Defendants opposed this Motion.  (Docs. 44, 45.)

The undersigned Magistrate Judge denied that motion to amend, without prejudice, noting the two Motions to Dismiss (Docs. 29, 31) then pending before

3

the District Court.  (Doc. 50, text Order of 5/25/21.)  The Court determined that Plaintiff's motion would be more appropriately addressed, if necessary, after the District Court ruled on the pending dispositive motions.  (*Id*.)

On May 5, 2022, the District Court ultimately granted Defendant University's motion to dismiss.  (Doc. 58.)  The District Court also granted in part the motion to dismiss filed by the City Defendants, dismissing Plaintiff's §1983 claim against the City (Counts I), the "class of one" §1983 equal protection claim (Count II), the §1983 malicious prosecution and abuse of process claim (Count III), and the §1983 conspiracy claim (Count VII).  (*Id*.)  The City Defendants' motion was denied as to the gender-based equal protection claim (Count II), as well as the Kansas state law claims.  (*Id*.)

Plaintiff then filed a "Renewed Motion for Leave to File Second Amended Complaint."  (Doc. 59.)  Therein, Plaintiff reiterated her request to amend her First Amended Complaint to clarify her state law claims and "specifically" allege malicious prosecution and abuse of process claims against the individual Defendants, which she again contended she had inadvertently not plead previously.  (*Id*., at 2.)  Plaintiff also sought to "address perceived deficiencies in several of her claims, specifically the Simpson claim, post-assault harassment claim under Title IX, the retaliation claim under Title IX, the Monell Claim under Section 1983 and the malicious prosecution claim and the conspiracy claim."  (*Id*., at 1-2.)

4

Plaintiff simultaneously filed a Motion for Reconsideration (Doc. 60) of the District Court's Memorandum & Order (Doc. 58). Plaintiff argued that the District Court erred by dismissing Plaintiff's Title IX claims against the University and her 42 U.S.C §1983 (and §1985) claims under *Monell*, for malicious prosecution, and conspiracy against the City of Lawrence and the individual Defendants. (*See generally* Doc. 60.)

The District Court denied both of these motions. (*See* Doc. 67.) In regard to the Motion to Amend, the District Court held that Plaintiff failed to raise the necessity of amendment in her briefing relating to Defendants' dispositive motions. (*Id*., at 7.) The District Court continued that the "highly detailed allegations" contained in Plaintiff's 73 page First Amended Complaint

> were the subject of substantial analysis and attention in the extensive briefing of the parties addressing the motions to dismiss. The Court also devoted substantial effort to its Order, which granted the University's motion, and granted in part and denied in part the City Defendants' motion. Throughout this entire process, Plaintiff made no suggestion that any specific amendment was warranted.
>     This silence continues to the present, "Renewed" motion. The motion to amend recites the text of Rule 15(a), but otherwise offers not the slightest rationale for new changes to her federal claims, or explain how they would yield a different result. The proposed Second Amended Complaint attached to Plaintiff's motion has grown to almost 80 pages. The motion leaves the Defendants, and the Court, with the task of guessing how an amendment might affect Plaintiff's claims.

5

> Plaintiff's motion not only makes no explanation of the nature and effect of the proposed amendments, she offers no rationale for the substantial delay. Prejudice exists as well as delay, as Defendants committed to extensively briefing their motions to dismiss, an effort wasted if Plaintiff simply alters her complaint in response to the Order of the Court. Here, the Court did not dismiss all claims against the City Defendants. They are entitled to proceed with the case without further delay. Delay and prejudice warrant denial of leave to amend.

(*Id*., at 7-8 (citation omitted).) The District Court also held that Plaintiff's proposed amendment would be futile because "the generalities advanced in the proposed complaint do not alter the legal standard for abuse of process, or negate the independent judgment of the District Attorney bringing charges against the Plaintiff." (*Id*., at 8 (citation omitted).)

Plaintiff next filed a Motion to Strike the Answer of Defendant City and its individual officer Defendants (Cottengim, Nicholson, and Affalter). (Doc. 70.) Therein, Plaintiff noted that Defendants' Answer was filed out of time and without leave of Court. (Doc. 71, at 2.) These Defendants subsequently filed a Motion for Leave to File Answer Out of Time. (Doc. 72.) The undersigned Magistrate Judge denied the motion to strike and granted the motion to answer out of time, holding that "the delay of 25 days in the context of the history of this case is not prejudicial to the plaintiff and does not overcome the importance of resolving this case on the merits." (Doc. 74, text Order of 9/2/22.)

The present Motion to Amend (Doc. 80) was filed on October 28, 2022. Plaintiff acknowledges that the proposed Second Amended Complaint "is identical to the one Plaintiff sought leave to file in May 2021, that was denied without prejudice" by the undersigned Magistrate Judge given the then-pending dispositive motions. (*Id*., at 4; *see also* Doc. 50, text Order of 5/25/21.) Plaintiff contends that she "only wishes to correct an inadvertent omission, a request that the court denied seventeen months ago without prejudice." (*Id*.) She continues that the proposed amended pleading "does not add any new parties or causes of action." (*Id*.) She also contends that the present "'issue' has not been ruled upon because the proposed Second Amended Complaint that the district court denied leave to file in July 2022 was substantially different than the Second Amended Complaint proposed in May 2021, and proposed again here." (*Id*., at 5.)

The City Defendants argue that Plaintiff's motion should be denied because it should be considered a untimely "Motion for Reconsideration under D. Kan. R. 7.3(b) which was not brought within fourteen (14) days … ." (Doc. 82, at 3.) The City Defendants alternatively argue that Plaintiff's motion for leave is "improper, untimely, futile and prejudicial" to them. (*Id*.)

Plaintiff's proposed amended pleading also includes claims against the Defendant University which have previously been dismissed by the District Court. Plaintiff asserts, however, that her motion is not related to the University and "was

7

clearly only directed at adding individual [City] defendants to the state law claims, a request that the court had previously denied without prejudice." (Doc. 84, at 7.)

## ANALYSIS

**I.        Requested Amendments against City Defendants.**

Plaintiff acknowledges that the District Court previously denied her Renewed Motion for Leave to Amend on substantive grounds (*see* Doc. 59, motion, and Doc. 67, District Court Order).  That stated, Plaintiff contends the issue proposed in the present motion to amend "has not been ruled upon because the proposed Second Amended Complaint [Doc. 59-1] that the district court denied leave to file [by Order 67] was substantially different than the Second Amended Complaint proposed in May 2021 [Doc. 41-1, and proposed again here [Doc. 80-1]."

Plaintiff again contends, however, that her

> rationale for not moving to amend her substantive federal claims while the motions to dismiss were pending was a direct result of the court stating in its order on May 25, 2021 that her motion for leave to file a second amended complaint was denied without prejudice, recognizing that Plaintiff would consolidate her request for any proposed amendments once the court ruled on the motions to dismiss. (Doc. 50).

(Doc. 80, at 3.)  As discussed above, Plaintiff previously made this argument to the District Court, which was unpersuaded.  (*See* Doc. 67, at 5-6.)  The District Court previously held that "[p]rejudice exists … as Defendants committed to extensively

8

briefing their motions to dismiss, **an effort wasted if Plaintiff simply alters her complaint in response to the Order of the Court**. (Doc. 67, at 7-8 (citation omitted) (emphasis added).)

Plaintiff appears to largely base her most recent motion to amend on the fact that the recently entered Scheduling Order contains a deadline to move to amend. (Doc. 84, at 4.) The Court acknowledges that there is an amendment deadline in the Scheduling Order (*see* Doc. 78), which was entered approximately ten months after the District Court's Order (Doc. 67).

That stated, this subsequent amendment deadline was not entered for the purpose of allowing Plaintiff to move amend yet again to add the same claims the District Court previously denied. While certain factual allegations in the proposed amended pleading (Doc. 80-1) may be new or may have been re-worded, the fact remains that Plaintiff is yet again attempting to bring claims that the District Court previously disallowed on substantive grounds. Allowing Plaintiff to now add these claims would subvert the prior holding of the District Court. (*See* Doc. 67.) Plaintiff's sparse motion presents the undersigned Magistrate Judge with no justification to do so.

Further, an amended pleading would merely result in Defendants filing new motions to dismiss the exact same claims the parties and the District Court have already expended significant time, energy and resources briefing. This process

9

would add significant additional delay to this case, which was filed more than two years ago and has only recently progressed to a Scheduling Order and the beginning of discovery. The prejudice to Defendants is significant. As such, the Court **DENIES** Plaintiff's motion.

## II.  Motion to Reconsider.

The City Defendants argue that rather than filing the present, additional motion to amend, Plaintiff should have filed a timely motion to seek reconsideration of that District Court Order, but did not do so. (Doc. 82, at 3 (citing Doc. 67).)

Pursuant to D. Kan. Rule 7.3, a party "seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time." Any such motion must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." *Id*.

The City Defendants correctly assert that the District Court entered the Order denying Plaintiff's Motion for Leave to File her Second Amended Complaint on July 18, 2022 (Doc. 82, at 3 (citing Doc. 67).) Defendants also assert that the present motion was not filed until October 28, 2022 (Doc. 80), making it untimely pursuant to D. Kan. Rule 7.3. (*Id*.) The City Defendants argue that Plaintiff's motion should thus be summarily denied.

10

Defendants further argue that even assuming the motion was timely, Plaintiff has failed to set forth any of the bases for reconsideration under D. Kan. Rule 7.3. The City Defendants argue that Plaintiff has failed to "point out any change to the controlling case law, present any new evidence to the Court that was not previously available, or demonstrate a clear error in judgment." (Doc. 82, at 4.) Rather, they contend, Plaintiff "simply re-packages the same arguments that were made in her 'renewed' Motion for Leave to file Second Amended Complaint and asks that the Court change its decision and allow the filing of the same." (*Id*.)

Plaintiff replies that "[t]he motion for leave to amend that was filed in May 2022 (Doc. 59), and then denied in July 2022 (Doc. 67) was a different motion in its content than the instant one." (Doc. 84, at 4.) According to Plaintiff, her prior motion for leave to amend "sought amendments far more extensive than those presented here, which involved only the request to correct a couple of small, inadvertent errors." (*Id*., at 2.)

While this technically may be true, the substance of the amendments proposed by the present motion are contained in the "far more extensive" previous motion to amend. Because the Court has denied Plaintiff's motion on the basis of substantial prejudice to Defendants, the Court need not determine whether the proper procedure in this instance would have been for Plaintiff to file a motion to reconsider.

11

### III.     Previously Dismissed Claims Against Defendant University.

Plaintiff's proposed Second Amended Complaint includes all three counts against the University that were previously dismissed by the District Court.  *See* Doc. 80-1 at 58-65.  As to these counts, Plaintiff's proposed Second Amended Complaint contains the following footnote:  "Plaintiff recognizes this claim was dismissed by the court on May 5, 2022, but as the Court's order was not a final judgment entitling Plaintiff to appeal, Plaintiff restates this claim to preserve and not waive her rights."  (*See* Doc. 80-1, at 58 n.4, 59 n.5; and 62 n.6; *see also* Doc. 81, at 7.)  In her reply brief, Plaintiff explains that the present motion to amend does not argue "any claims here against the University of Kansas; she has merely retained them in the proposed Second Amended Complaint to preserve her rights on appeal."  (Doc. 84, at 1.)

Defendant University contends that this maneuver by Plaintiff is procedurally improper because the claims against it were dismissed with prejudice. (Doc. 81, at 8.)  The Court agrees.  As the University correct asserts, it "is no longer part of this case, and there is no basis for Plaintiff to [assert] *any* claims against [it] at this point, no matter the reason."  (Doc 81, at 9 (citation omitted).) Any attempt by Plaintiff to preserve these claims for appeal is unnecessary because Defendant University was terminated as a party upon dismissal by the District Court on May , 2022.  (Doc. 58, at 69.)  Defendant University argues that because

a final judgment has been entered against Defendant University, "all interlocutory orders and rulings in the case that produced the final judgment merge into the final judgment. … An appeal from a final judgment permits us to examine all prior orders that helped bring about that final judgment." ***Frey v. Town of Jackson, Wyoming***, 41 F.4th 1223, 1233 (10th Cir. 2022) (citing ***McBride v. CITGO Petroleum Corp.***, 281 F.3d 1099, 1104 (10th Cir. 2002).

Because the Court has denied Plaintiff's Motion to Amend, there is no need to address this issue further. Further, Plaintiff concedes that she was not attempting to revive her Claims against Defendant University.

## III. Defendant University's Claim for Attorneys' Fees.

Defendant University seeks reasonable attorneys fees. Attorney fees are appropriate when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927   Fed. R. Civ. P. 11(b)(1) also permits fees as a sanction when a filing has been made "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Additionally, the Court has "inherent power to impose a variety of sanctions to regulate its docket, promote judicial efficiency and deter frivolous filings." ***Fish v. Kobach***, 320 F.R.D. 566, 571 (D. Kan. 2017) (citations omitted). Such authority "includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id*. (internal quotation marks and citations omitted).

13

Plaintiff argues that Defendant University "did not need to respond to Plaintiff's motion," but instead should have "contact[ed] counsel for Plaintiff for clarification." (Doc. 84, at 7.) Plaintiff continues that the motion to amend "was clearly only directed at adding individual defendants to the state law claims, a request that the court had previously denied without prejudice. Also, Plaintiff specifically made clear that it was not making any argument with respect to [Defendant University]." (*Id.* (citing Doc. 80 at 4; Doc. 80-1 at 52, n.1).)

The situation presented by the parties is a difficult one. On one hand, counsel for Defendant University probably could have resolved this issue with a single telephone call to Plaintiff's counsel. On the other hand, Defendant University should not have been placed in this situation as it has been dismissed from this case. That stated, the proposed amended pleading clearly indicates that by including these claims, Plaintiff was merely attempting to preserve her rights. (*See* Doc. 80-1, at 58, 59, and 62.) Even so, Defendant's confusion was understandable.

On balance, the Court finds that while Plaintiff's inclusion of these claims against Defendant University was unnecessary improper, it was not egregious or nefarious. Defendant University's request for attorney's fees is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend (Doc. 80) is **DENIED** and Defendant University's request for attorney's fees is also **DENIED**.

**IT IS SO ORDERED.**

Dated December 5, 2022, at Wichita, Kansas.

/S K<span>ENNETH</span> G. G<span>ALE</span>
Hon. Kenneth G. Gale
U.S. Magistrate Judge