IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBIE JO HOROCOFSKY,

*Plaintiff,*

vs.

Case No. 20-2529-EFM

CITY OF LAWRENCE, KANSAS, *et al.*,

*Defendants.*

**MEMORANDUM AND ORDER**

Plaintiff Bobbie Jo Horocofsky, a former law student at the University of Kansas in Lawrence, Kansas, alleges that she was sexually assaulted by another law student, and that, in the course of their subsequent investigations, her civil rights and rights under Kansas law were violated by the University and by the City of Lawrence and three of its police officers, Charles Cottengim, Kimberlee Nicholson, and Daniel L. Affalter, Jr. The matter is before the Court on Plaintiff's Objection to a decision of the Magistrate Judge which denied her request for leave to file a Second Amended Complaint. (Doc. 88). For the reasons explained in the present Order, Plaintiff's Objection is overruled.

**I.     Factual and Procedural Background**

Plaintiff filed her original Complaint on October 23, 2020, and both the University and the City Defendants promptly moved to dismiss the action.

Plaintiff did not respond to those motions, but moved for leave to file a First Amended Complaint, asking to "assert three additional state law counts against the City of Lawrence, and one additional state law count against the City and the three named detectives." Leave was granted and Plaintiff filed her First Amended Complaint on March 4, 2021. Plaintiff alleged Defendants violated her rights under 42 U.S.C. §§ 1983 and §1985, and the Fourth and Fourteenth Amendments to the United States Constitution, as well her statutory rights to a nondiscriminatory education under Title IX.[1] In addition, Plaintiff advanced claims for conspiracy, intentional infliction of emotional distress, and respondeat superior liability.

Defendants renewed their motions to dismiss, and Plaintiff filed her first Motion to for Leave to File as Second Amend Complaint, stating she wished to "clarify two of her State Law claims, specifically alleging malicious prosecution and abuse of process claims against the individual defendants," claims which counsel had "inadvertently not pled" in the Amended Complaint.

Noting the pending motions to dismiss, the Magistrate Judge denied that motion to amend without prejudice, stating that the motion to amend should be addressed after the resolution of the motions to dismiss.

The Court subsequently granted the University's Motion to Dismiss. In the same Order, the Court granted the City Defendants' Motion to Dismiss as to Plaintiff's § 1983 claim against the City and her "class of one" equal protection claim, as well as Plaintiff's federal §1983 claims against the individual Defendants for malicious prosecution, abuse of process, and conspiracy

---

[1] 20 U.S.C. §1681(a).

claim.  The Court denied the Motion as to Plaintiff's gender-based equal protection claim, and her additional claims under Kansas law.

Plaintiff subsequently filed a Renewed Motion for Leave to File Second Amended Complaint, her second attempt at such relief.  Plaintiff again asked to "specifically" advance state law claims for malicious prosecution and abuse of process claims against the individual Defendants.  In addition, Plaintiff's motion sought to "address perceived deficiencies in several of her claims, specifically the *Simpson* [*v. Univ. of Colo. Boulder*[2]] claim, post-assault harassment claim under Title IX, the retaliation claim under Title IX, the *Monell* [*v. N.Y. City Dep't of Social Servs.*[3]] Claim under Section 1983 and the malicious prosecution claim and the conspiracy claim."  At the same time, Plaintiff moved for reconsideration of the dismissals of her other causes of action.

The Court denied the request for reconsideration, and also denied the request for leave to amend.  The Court noted that Plaintiff had failed to raise the necessity of amendment in her extensive briefing in response to the Motions to Dismiss.  In addition, the Court took note of the "highly detailed allegations" which had been previously advanced by Plaintiff's in her lengthy, 73-page First Amended Complaint.  These allegations were the subject of extensive briefing by the parties, during which Plaintiff did not suggest that any specific amendment was warranted prior to resolution of the Motions to Dismiss.  The Court observed that the proposed Second Amended Complaint had grown to 80 pages, which was offered without any explanation for the necessity of the new allegations, and which would work substantial prejudice to Defendants in

---

[2] 500 F.3d 1170 (10th Cir. 2007).

[3] 436 U.S. 685 (1978).

light of the extensive briefing on the Motions to Dismiss. Finally the Court found that Plaintiff's additional claims reflected generalities which would not yield any different result as to their proper resolution.

Plaintiff subsequently filed a Motion to Strike the City Defendants' Answer, which was filed some 25 days out of time. The City Defendants then sought and obtained leave to file the Answer out of time, the Magistrate Judge determining that this delay was not substantial under circumstances of the case.

Thereafter, Plaintiff filed a renewed Motion for Leave to File a Second Amended Complaint, her third such request. The City Defendants opposed the request, arguing the motion was in effect a disguised and untimely Motion for Reconsideration of this Court's Order,[4] and that the motion was in any event improper and futile. The University, previously dismissed from the action, also opposed the Motion for Leave, as the proposed Second Amended Complaint would renew the various federal claims against it. In addition, the University moved for attorney fees for its expense in again contesting the filing of the proposed Second Amended Complaint.

The Magistrate Judge denied the Motion for Leave, finding that the request for leave to amend was effectively resolved by this Court's prior Order. Given this conclusion, the Magistrate Judge did not address the City Defendants' alternative argument that the Motion for Leave was effectively an untimely Motion for Reconsideration. The Magistrate Judge also determined that any amendment to add previously-dismissed claims against the University was not necessary to preserve Plaintiff's appeal rights.

---

[4] D. Kan. R. 7.3 requires that motions for reconsideration be brought within 14 days of the challenged decision.

The Magistrate Judge denied the University's Motion for Attorney fees, though recognizing the issue was "a difficult one," as the University "should not have been placed in this situation as it has been dismissed from this case." Ultimately, he concluded that "while Plaintiff's inclusion of these claims against Defendant University was unnecessary [and] improper, it was not egregious or nefarious." The University has not objected to this portion of the Magistrate Judge's Order.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 72(a), a party may present written objections to the decision of a Magistrate Judge. The district court may modify or set aside that decision only if it is "clearly erroneous or contrary to law."[5] "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."[6] A finding is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[7]

## III.     Analysis

### A.     Claims against the City Defendants

The Court finds no basis for concluding the Magistrate Judge's decision with respect to the proposed addition of state law claims against the City Defendants was either clearly erroneous or contrary to law.

---

[5] Fed. R. Civ. P. 72(a). *See also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988) (quoting 28 U.S.C. § 636(b)(1)(A)).

[6] *Boone v. TFI Family Servs., Inc.*, 2015 WL 5568348, at *2 (D. Kan. 2015) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[7] *Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, 2011 WL 2790203, at *2 (D. Kan. 2011) (quotation omitted).

As noted in the Magistrate Judge's ruling on the Third Motion for Leave, Plaintiff grounded her request simply on the fact that it was not untimely under the existing Scheduling Order. This was technically true, he observed, but the Order's deadline for requesting amendment:

> was not entered for the purpose of allowing Plaintiff to move amend yet again to add the same claims the District Court previously denied. While certain factual allegations in the proposed amended pleading may be new or may have been re-worded, the fact remains that Plaintiff is yet again attempting to bring claims that the District Court previously disallowed on substantive grounds. Allowing Plaintiff to now add these claims would subvert the prior holding of the District Court. Plaintiff's sparse motion presents the undersigned Magistrate Judge with no justification to do so.
>
> Further, an amended pleading would merely result in Defendants filing new motions to dismiss the exact same claims the parties and the District Court have already expended significant time, energy and resources briefing. This process would add significant additional delay to this case, which was filed more than two years ago and has only recently progressed to a Scheduling Order and the beginning of discovery. The prejudice to Defendants is significant.[8]

The Court finds no error in this conclusion by the Magistrate Judge. In its prior Order, the Court considered the merits of Plaintiff's federal abuse of process and malicious prosecution claims and found they failed to state a claim for relief. In addition, the Court determined that amendment in an attempt to preserve these claims was not justified, given all the circumstances of the case. In addition to the need for the remaining claims in the action to proceed on a timely basis, the Court observed that amendment would be futile and would work prejudice to "Defendants [who] committed to extensively briefing their motions to dismiss, an effort wasted if Plaintiff simply alters her complaint in response to the Order of the Court."

---

[8] Docket citations omitted.

The state law claims of abuse of process and malicious prosecution are substantively identical to the § 1983 claims which the Court expressly dismissed in its prior Order.[9] The decision of the Magistrate Judge was consistent with the decision of this Court which found those § 1983 claims insufficient as a matter of law, and with the decision that amendment would be futile and prejudicial.

**B.     Claims against the University**

The Magistrate Judge found the request to restore claims against the University to be both "procedurally improper" and "unnecessary," agreeing with the University that because final judgment has been entered on the claims against it, Plaintiff will be free to challenge on appeal the decisions of the Court. As the Tenth Circuit has observed, where "a final judgment exists in the case, any interlocutory orders and rulings in the case that produced the final judgment merge into [it, and] appeal from a final judgment permits us to examine all prior orders that helped bring about that final judgment."[10]

As noted earlier, Plaintiff Third Motion for Leave rested simply on its timeliness under the existing Scheduling Order; she did not explain the request to advance against the University federal claims which had been previously dismissed on the merits. After the University objected, Plaintiff argued in her Reply in that she was merely asserting the dismissed federal claims "to

---

[9] *See Debbrecht v. City of Haysville*, 2014 WL 3397180, at *9 (Kan. App. 2014) ("The elements of a claim for malicious prosecution under section 1983 are identical to those required under Kansas law, including a requirement that the prosecution be undertaken without probable cause."); *McGregor v. City of Neodesha*, 2022 WL 6728149, at *6 (D. Kan. 2022) ("The common law tort of abuse of process provides the elements relevant for a federal cause of action pursuant to § 1983."). *Cf. Hall v. Brownrigg*, 2012 WL 3024716, at *6 (D. Kan. 2012) (listing elements of § 1983 abuse of process claim) with *Steagall v. Great Am. Ins. Co.*, 996 F. Supp. 1060, 1069 (D. Kan. 1998) (listing elements of abuse of process claim under Kansas law).

[10] *Frey v. Town of Jackson, Wyoming*, 41 F.4th 1223, 1233 n.7 (10th Cir. 2022) (citing *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1104 (10th Cir. 2002).

preserve her rights on appeal," citing a supposed conflict between two decisions of the Tenth Circuit, in *Davis v. TXO Prod. Corp*.[11] and *Nelder v. Worley*.[12] Plaintiff argues that repleading the dismissed claims is necessary given "the concern that lingers from *Nelder*."

The concern is not well-founded, and does not require the repleading of previously dismissed claims. In *Davis*, the court held that a plaintiff had not waived a claim for breach of an implied covenant by omitting in from an amended complaint, where the claim had been previously dismissed by the district court. The court explicitly held that "a rule requiring plaintiffs who file amended complaints to replead claims previously dismissed on their merits in order to preserve those claims merely sets a trap for unsuspecting plaintiffs with no concomitant benefit to the opposing party."[13] Waiver did not exist because the district court had previously addressed the validity of that claim on the merits:

> When addressing appellee's 12(b)(6) motion to dismiss appellant's first amended complaint, the district court reached the merits of appellant's claim alleging an implied covenant of good faith and fair dealing. The district court's dismissal of the claim made clear that any attempt by appellant to reallege that claim would be futile. Because we do not require a party to reallege a cause of action on which the district court has conclusively ruled, we conclude that appellant has not waived his claim of a breach of an implied covenant of good faith and fair dealing.[14]

In *Nelder*, on the other hand, the court merely observed in a footnote that the plaintiff-appellant's brief identified two additional parties "as appellees [who] were named in Nelder's

---

[11] 929 F.2d 1515 (10th Cir. 1991).

[12] 616 F. App'x 397 (10th Cir. 2015).

[13] 929 F.2d at 1518 (footnote omitted).

[14] *Id.*

original complaint; but they were omitted from his amended complaint."[15] The court concluded that given this omission, the plaintiff retained "no right to relief against them on appeal."[16] Plaintiff's current attempt to create some ambiguity between the two decisions—with the result that she is simply compelled to include the University as a party—is unpersuasive. It ignores the fact that in *Nelder* it does not appear that the district court had previously dismissed those parties from the case on the merits.[17]

There is simply no basis for believing that *Nelder* thus requires what *Davis* expressly disavows: a ritualistic charade in which the plaintiff must again include previously-adjudicated claims against a dismissed party, with the inevitable renewed motion to dismiss, followed by yet another order dismissing that party.

The supposed ambiguity has been previously rejected in this District. In *Robinson v. Wichita State University*,[18] Magistrate Judge Rushfeldt considered precisely this issue. In that case the defendant Registry for College and University Presidents, which had been previously dismissed from the action, moved to strike renewed allegations against it in an amended

---

[15] 929 F. App'x at 398 n. 2.

[16] *Id.*

[17] In her Reply, Plaintiff also cited *Four Winds Behavioral Health v. United States*, 2022 WL 2714516, at *3 (10th Cir. 2022), in which the Tenth Circuit affirmed the district court's decision that the plaintiff waived an Appointments Clause claim by omitting it from its amended complaint. As in *Nelder*, there is no indication at all that the district court had previously dismissed the claim on the merits. To the contrary, the district court's opinion makes plain that the plaintiff voluntarily omitted the claim. In denying plaintiff's eve-of-trial motion to amend the amended complaint to restore the Appointments Clause claim, the court explicitly wondered at the pretrial conference "why did the Plaintiff wait until after the discovery period to then renew any Appointments Clause challenge and is it too late to do so now?," before concluding that plaintiff's "only explanation for removing the issue from the case and waiting so long to move to re-amend was based on [its own counsel's] mistake of law" as to the viablity of the claim. *Four Winds Behavioral Health v. United States*, 2021 WL 2821094, at *13-14 (D.N.M. 2021).

[18] 2018 WL 3369443 (D. Kan. 2018).

complaint. The court granted the motion to strike, expressly rejecting the same supposed conflict between *Davis* and *Nelder* claimed by the plaintiff in that action:

> In this case Plaintiff's claims against the Registry were dismissed on the merits. Plaintiff has not voluntarily abandoned the claims. Instead, like *Davis*, the claims were "subjected to a 12(b)(6) ruling." Additionally, the Court did not grant Plaintiff leave to amend his complaint, which is further evidence that Plaintiff's claims against the Registry were dismissed on the merits. Therefore, Plaintiff need not include the dismissed claims in his amended complaint to preserve them for appeal.[19]

In sum, the court finds the decision of the Magistrate Judge was neither clearly erroneous nor contrary to law.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to the Order of the Magistrate Judge (Doc. 88) is **OVERRRULED** and **DENIED**.

**IT IS SO ORDERED**.

Dated this 21st day of February, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[19] *Id.* at 3 (quoting *Davis*, 929 F.2d at 1517). It may be noted that Plaintiff's counsel in the present action also represented the plaintiff in *Robinson*, and accordingly would have known of this contrary authority.