## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BOBBIE JO HOROCOFSKY,

*Plaintiff,*

vs.

Case No. 20-CV-2529-EFM

CITY OF LAWRENCE, KANSAS, *et al.*,

*Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Bobbie Jo Horocofsky, a former law student at the University of Kansas in Lawrence, Kansas, alleges that she was sexually assaulted by another law student. She filed this lawsuit asserting that her civil rights were violated during the investigation of the sexual assault. She also asserts several state law claims. The remaining Defendants include the City of Lawrence and two of its police officers, Charles Cottengim and Kimberlee A. Nicholson. Before the Court is Plaintiff's Motion for Review and Objections to the Magistrate's Order Denying Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 222).[1] For the reasons stated below, Plaintiff's Objection is overruled.

---

[1] Plaintiff also filed a Motion for Hearing/Oral Argument on this motion (Doc. 225). The Court finds that a hearing is unnecessary as the matter is adequately briefed, and a ruling may be made on the written submissions.

## I.       Factual and Procedural Background

The Court will only briefly set forth the background relevant to the motion currently before it.[2]  Plaintiff filed this case on October 23, 2020.  The deadline to amend pleadings expired on October 28, 2022.  On December 15, 2023, Plaintiff filed a Motion for Leave to File Third Amended Complaint.

In Plaintiff's motion, she sought leave to assert an additional claim under 42 U.S.C. § 1983 for unlawful search and seizure in violation of the Fourth Amendment against Defendants Cottengim and Nicholson.  Plaintiff alleged that Defendants unlawfully searched her cellular phone in 2018, far beyond the scope of the limited consent she had given at that time.  She filed the motion 14 months after the deadline to amend the pleadings expired.  Plaintiff claimed that she only learned of the unlawful search during a deposition of Defendant Cottengim in July 2023, and it took her several months to determine the scope of the unlawful search.

Magistrate Judge Brooks G. Severson denied Plaintiff's request, finding that Plaintiff could not meet the good cause standard in Federal Rule of Civil Procedure 16(b)(4).  She reasoned that Plaintiff knew, at the latest, the underlying facts for this new claim in July 2023, and she failed to timely move to amend because she requested leave to file this new claim in December 2023.  Because Plaintiff did not establish good cause for the delay in seeking to amend her Complaint, Magistrate Judge Severson did not address the Rule 15 standard.

Plaintiff is now before the Court, seeking to vacate Magistrate Judge Severson's order and requesting that the Court allow her leave to file the Third Amended Complaint.

---

[2] The history of this case has been set forth in several previous orders.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 72(a), a party may present written objections to the decision of a Magistrate Judge.  The district court may modify or set aside that decision only if it is "clearly erroneous or is contrary to law."[3]  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."[4]  A finding is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[5]

## III.    Analysis

Plaintiff states that Magistrate Judge Severson failed to accurately set forth the factual timeline and erroneously failed to recognize that Plaintiff's cell phone was searched on subsequent occasions after the initial seizure and search in 2018.  She contends that she could not have sought leave to amend by October 28, 2022, the scheduling order deadline, because she did not learn of the illegal search until Cottengim's July 2023 deposition.  In addition, Plaintiff states that she did not receive the requested downloaded cellular data until early September 2023, and then an expert prepared a report on that data on September 29, 2023.  Finally, Plaintiff contends that an additional deposition occurring in October 2023 required Plaintiff to re-contact her expert to dispute this October testimony, and this report was completed on November 29, 2023.  Thus, Plaintiff contends

---

[3] Fed. R. Civ. P. 72(a); *see also Ocelot Oil Corp. v. Sparrow Indus*., 847 F.2d 1458, 1461–62 (10th Cir. 1988) (quoting 28 U.S.C. § 636(b)(1)(A)).

[4] *Boone v. TFI Family Servs., Inc*., 2015 WL 5568348, at *2 (D. Kan. Sept. 22, 2015) (quoting *United States v. U.S. Gypsum Co*., 333 U.S. 364, 395 (1948)).

[5] *Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty*., 2011 WL 2790203, at *2 (D. Kan. July 14, 2011) (quotation omitted).

that her December 15 motion was timely because she had to perform the necessary research to investigate the facts and draft the proposed amended complaint.

Magistrate Judge Severson's decision denying Plaintiff's request to assert an additional claim against Defendants Cottengim and Nicholson for an unlawful search and seizure under the Fourth Amendment claim was neither clearly erroneous nor contrary to law. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."[6] The Rule 16 standard "requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'"[7] "The good-cause standard requires the moving party to provide an adequate explanation for the delay."[8] If a movant does not meet the Rule 16 good cause standard, it is not necessary to reach the Rule 15(a) standard.[9]

In this case, Magistrate Judge Severson specifically noted that she "set aside the presumption" that Plaintiff was on notice of the proposed claim prior to July 2023.[10] Instead, she "assume[d] that, at the very latest, Plaintiff was put on notice that the entire contents of her cell phone had been extracted by Defendants during the July 2023 depositions of the Defendant detectives."[11] She then found that Plaintiff could not establish good cause for waiting an additional

---

[6] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. City of Rio Rancho*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

[7] *Id.* (quoting *Pumpco*, 204 F.R.D. at 668).

[8] *Padilla v. Horizon Mgmt., L.L.C.*, 2023 WL 6216312, at *3 (D. Kan. Sept. 25, 2023) (citing *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019)).

[9] *Gorsuch*, 771 F.3d at 1242.

[10] Doc. 215 at 12.

[11] *Id.*

five months to seek leave to amend.  Magistrate Judge Severson found it "illogical" for Plaintiff to rely on October deposition testimony or her expert's November 29, 2023 report because the testimony and report were not relevant to whether the entire phone was downloaded (illegally seized and searched) in 2018.  Thus, Magistrate Judge Severson denied Plaintiff's request and did not consider whether Plaintiff's amendment met the Rule 15(a) standard.

Nothing in Magistrate Judge Severson's opinion is clearly erroneous or contrary to law. Plaintiff continues to argue that the timing of her request to amend resulted solely from factors under the control of Defendants.  The Court disagrees.  Plaintiff was put on notice in July of the facts supporting an illegal search and seizure claim.  By early September, Plaintiff had all the data that was extracted from the cellphone.  And by September 29, 2023, Plaintiff's expert had issued a report as to the impropriety of the complete download of Plaintiff's phone.  Yet, Plaintiff failed to request amendment until December 15.  As Magistrate Judge Severson noted, it is illogical that subsequent information in October or November would impact bringing this claim.

Plaintiff also argues that Magistrate Judge Severson's conclusion that Plaintiff did not timely amend in July ignores the realities of practicing law and duties to investigate claims before asserting them.  The Court agrees that there is a duty to investigate a claim, but Plaintiff was on notice of the alleged facts to support this new claim in July 2023.  "Judges in [the District of Kansas] have held on numerous occasions that a plaintiff does not meet Rule 16(b)(4)'s good cause standard for an untimely motion to amend if a plaintiff had 'evidence that should have led the plaintiff to the information that the proposed claim is based on.'"[12]  Here, Plaintiff was on notice in July, and she had complete knowledge of these facts supporting the claim (to the point of an

---

[12] *Padilla*, 2023 WL 6216312, at *4 (citations and brackets omitted).

expert report) by September 29, 2023.   The good cause standard requires the movant to demonstrate diligent efforts in seeking the amendment.[13]   Magistrate Judge Severson's determination that Plaintiff did not establish good cause, pursuant to Rule 16, to amend the pleadings is not clearly erroneous or contrary to law.  In addition, because Plaintiff did not establish good cause, it was not clearly erroneous or contrary to law for Magistrate Judge Severson to not consider the Rule 15(a) standards.[14]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Review and Objections to the Magistrate's Order Denying Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 222) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing (Doc. 225) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 3rd day of May, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[13] *Gorsuch*, 771 F.3d at 1240.  The Court notes that Plaintiff alleges that she discovered this information in 2023—three years after the case was filed, and nine months after the deadline for amendment to the pleadings.  Given the posture of the case, Plaintiff's counsel should have been more diligent in securing additional information to allege this Fourth Amendment claim when put on notice of the potential claim.  Had Plaintiff's counsel filed a motion soon after the July 2023 deposition, there may have been a different result in Plaintiff's request for leave to amend.

[14] *See id.* at 1242 (concluding that there was no need to address Rule 15(a) because the plaintiffs did not demonstrate good cause under Rule 16).